IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

YADIRA VÁZQUEZ GARCÍA, JOSÉ
JAVIER ALVAREZ TORRES, AND
CONJUGAL PARTNERSHIP BETWEEN
THEM,

      Plaintiffs,

      v.

HACIENDA MADRIGAL, INC.;
INSURANCE COMPANIES A, B, C, D
AND E; CORPORATIONS X, Y AND Z,

      Defendants

CIV. NO.: 18-01566 (PAD/ SCC)

**REPORT AND RECOMMENDATION**

Plaintiffs, Yadira Vázquez García and José Javier Alvarez Torres, brought this action on behalf of themselves and their conjugal partnership, pursuant to Title 28, United States Code, § 1332(a)(1) and Articles 1802 and 1805 of the Puerto Rico Civil Code. P.R. Laws Ann. Title 31 §§ 5141 and 5144.

They alleged they suffered damages as a result of Vazquez' fall from a horse while visiting Defendant's

Hacienda Madrigal in Cidra, Puerto Rico, on September 3, 2017.

Defendant, after being duly served, never appeared and default judgment was entered on December 5, 2018. See Docket No. 9. Plaintiffs waived their right to trial by jury and a bench trial was scheduled. *See* Docket No. 18.

A default hearing on damages was held on referral by the Presiding Judge. *See* Docket No. 19. The non-jury trial was held on August 22, 2019 *See* Docket No. 22. The testimonies of the two plaintiffs were heard. The Court finds as follows:

## I.   Findings of Fact

On September 3, 2017, at approximately 3:00 p.m., Mrs. Vázquez, her husband and their two minor daughters arrived at Hacienda Madrigal for a scheduled horseback riding tour. The tour consisted of a 20-person group and two tour guides. No instructions were given as to how to ride a horse safely. Nor was any technique prescribed on how to handle a horse, despite Mrs. Vázquez having informed the tour guides that she was inexperienced. Upon beginning of the tour, at

approximately 3:30 p.m., both tour guides were riding in the front of the group and Mrs. Vázquez was in the back. Mrs. Vázquez's horse continuously kept stopping to eat grass, causing her to lose grip of the reigns. Approximately 10-15 minutes into the tour, Mrs. Vázquez was separated from the group when her horse deviated from the group at a "Y crossing." Mrs. Vázquez was not able to keep hold of the reigns and her horse started to gallop, at which point she grabbed the horse's mane causing him to throw her to the ground. Mrs. Vázquez fell on her left side with all her weight on her thigh.

According to the testimony of Mr. Alvarez, he had stayed behind the group to keep pace with his wife. He observed with anguish when she was thrown from the horse.

Mr. Alvarez called out for help and was the first to arrive by her side. As Mrs. Vázquez lay on the ground, the female tour guide passed by her and went after the horse that continued galloping towards the barn. She did not check to

see if Mrs. Vázquez was injured. The next person to arrive was the male guide and under his instruction, Mrs. Vázquez attempted to mount another horse to leave the area. Upon feeling an excruciating pain, Mrs. Vázquez began to scream yelling, "take me down." Mrs. Vázquez was then placed on the ground and subsequently carried by her husband and the male tour guide to join the rest of the group, which was approximately 100 yards away. Once with the group Mrs. Vázquez was placed on the ground, with the remaining horses surrounding her.

Eventually, the tour was canceled, and the female guide took the group back, while the male guide stayed with Mrs. Vázquez and Mr. Alvarez. Their minor daughters left with their friend who was also in the tour and had been watching them throughout the aftermath of Mrs. Vázquez's accident. According to the testimonies of both plaintiffs, there was no plan of evacuation in case of an injury or emergency, thus the male guide made a second attempt to place Mrs. Vázquez on a horse to bring her up the hill. At this point Mrs. Vázquez

screamed in pain, began to get dizzy, and was placed back on the ground for approximately one hour. After a while, a four-track vehicle arrived to take Mrs. Vázquez up the bumpy hill. As she was going up the hill, Mrs. Vázquez was located on the back of the four -track with her husband holding on to her to prevent them both from falling. This caused Mrs. Vázquez additional pain as every bump hurt her and caused her to scream. Once at the top of the hill, Mr. Alvarez and Mrs. Vázquez got in their vehicle and went to Pavía Hospital in Santurce. At no point did anyone from Hacienda Madrigal call for emergency services, provided any medical assistance or any other form of help, although they were given a voucher "for the next time."

Mrs. Vázquez and Mr. Alvarez arrived at the hospital at approximately 8:30 p.m. Mrs. Vázquez had to be placed in a wheelchair. After several laboratory tests and x-rays, Mrs. Vázquez was diagnosed with two fractures in her pelvis: one at the pubis and one at the ischium. *See* Exhibit 1 Pavía

Hospital Medical Report. Mrs. Vázquez was transferred to Centro Medico the following day, September 4, 2017, because she needed to see an orthopedist and Pavía Hospital did not have one in its staff. Once at Centro Medico, additional laboratory tests and x-rays were conducted. It was confirmed that Mrs. Vázquez had two fractures on her pelvis that would not require surgery because they were not displaced. *See* Exhibit 2 Centro Medico Record. However, Mrs. Vázquez was informed that she would have to be immobilized for six months during which she could not work. Mrs. Vázquez was discharged in the afternoon of September 4, 2017.

Because she continued to be in extreme pain, she scheduled an appointment with another orthopedist for September 13, 2019, who told her that she would have to start walking to allow the fractures to heal on their own or it would take longer for her to heal. Following the orthopedics' advice Mrs. Vázquez began walking despite the severe pain that lasted one month. She has continued to feel pain when she walks or stands for long periods. Subsequently, Mrs. Vázquez

sought a third opinion and an orthopedist in California told her that although the fracture would heal; it would always be there and cause her a little pain, which she would have to live with.

Mrs. Vázquez testified to having suffered the following damages: bruise on her left thigh caused by the fall, inability to sleep (having to sleep sitting with four pillows because she did not have the strength to get up on her own), inability to perform basic functions such as showering or using the bathroom without assistance from her husband, inability to conduct regular activities such as driving, household chores or taking care of her daughters. Both plaintiffs reported loss of consortium because of Mrs. Vazquez injuries.

Mr. Alvarez also reported suffering mental anguish because of his wife's suffering, lack of sleep, anxiety, feelings of hopelessness and despair. His life was deeply impacted, and he had to make adjustments in his work schedule to care for his wife and daughters.

### III. Conclusion

Because default judgment was entered, and plaintiffs' damages were established through the admission of the pleadings in the complaint and through plaintiffs' testimonies and exhibits admitted into evidence during the hearing, the court recommends as follows:

1. Yadira Vázquez García, an award of $350,000.00 as compensatory damages for her past, present and future pain and suffering and emotional distress.

2. José Javier Alvarez Torres, an award of $150,000.00 as compensatory damages for his past, present and future suffering and emotional distress.

Since plaintiffs waived their claims for economic loss and special damages, none are awarded.

Plaintiffs are entitled to costs, attorneys' fees, and prejudgment interest.

IT IS SO RECOMMENDED.

The parties have fourteen days to file any objections to this report and recommendation. Failure to file the same within the specified time waives the right to appeal this report and

recommendation. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 9th day of September 2019.

<u>S/ SILVIA CARREÑO-COLL</u>

UNITED STATES MAGISTRATE JUDGE