# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **YADIRA VÁZQUEZ-GARCIA, ET AL.,** **Plaintiffs,** v. **HACIENDA MADRIGAL, INC., ET AL.,** **Defendants.** | **CIVIL NO. 18-1566 (PAD)** |

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

Before the court is the "Report and Recommendation" ("R&R") that U.S. Magistrate Judge Silvia Carreño-Coll issued following a default non-jury trial (Docket No. 23). To date, no objections have been filed. For the reasons that follow, the R&R is ADOPTED *in toto*.

### A. BACKGROUND

Plaintiffs Yadira Vázquez-García and José Javier Álvarez-Torres brought this action under Articles 1802 and 1805 of the Puerto Rico Civil Code. P.R. Laws Ann. tit 31 §§ 5141 and 5144,[1] requesting payment of damages suffered as a result of Vázquez' fall from a horse while visiting Hacienda Madrigal, in Cidra, Puerto Rico. Hacienda Madrigal never appeared despite having been duly served, and default was entered against it (Docket Nos. 4, 7, and 9).

Upon plaintiffs' consent, the case was referred to U.S. Magistrate Judge Carreño-Coll for all further proceedings, including entry of judgment (Docket No. 12). The Magistrate Judge set a jury trial on default for August 20, 2019 (Docket No. 14). However, she vacated the trial after noting that a party in default cannot consent to magistrate jurisdiction (Docket No. 15). Plaintiffs,

---

[1] Listed as defendants were Hacienda Madrigal, Inc. and some unidentified insurance companies.

however, waived their right to a jury trial (Docket No. 18), and the case was referred back to the Magistrate Judge for a bench default hearing and R&R (Docket No. 19). The Bench Default Hearing was set for August 22, 2019 (Docket No. 21) and held on that date (Docket No. 22). An R&R was issued. To date, no objections have been filed.

### B. REFERRAL

Any party adversely affected by the R&R may file written objections within fourteen days of being served with the magistrate judge's report. Loc. Civ. Rule 72(d). See, 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a de novo determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Ramos-Echevarria v. Pichis, Inc., 698 F.Supp.2d 262, 264 (D.P.R. 2010); Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 191-92 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)).

"Absent objection, . . .[a] district court ha[s] a right to assume that [the affected party] agree[s] with the magistrate judge's recommendation." López-Mulero v. Vélez-Colón, 490 F.Supp.2d 214, 217-218 (D.P.R. 2007)(internal citations omitted). In reviewing an unopposed report and recommendation, the court "needs only [to] satisfy itself by ascertaining that there is no 'plain error' on the face of the record." López-Mulero, 490 F.Supp.2d at 218; see also, Toro-Méndez v. United States of America, 976 F.Supp.2d 79, 81 (D.P.R. 2013).

### C. RECOMMENDATION

During the hearing, the Magistrate Judge heard plaintiffs and considered exhibits (Docket Nos. 24 and 25). In Section I of the R&R, the Magistrate Judge made her findings of fact, which can be summarized as follows. On September 3, 2017, at approximately 3:00 p.m., Mrs. Vázquez, her husband and their two minor daughters arrived at Hacienda Madrigal for a scheduled horseback

riding tour. The tour consisted of a 20-person group and two tour guides. No instructions were given as to how to ride a horse safely, nor was any technique prescribed on how to handle a horse, despite Mrs. Vázquez having informed the tour guides that she was inexperienced (Docket No. 23 at p. 2). Upon beginning of the tour, at approximately 3:30 p.m., both tour guides were riding in the front of the group and Mrs. Vázquez was in the back.

Mrs. Vázquez' horse continuously kept stopping to eat grass, causing her to lose grip of the reigns. Id. at p. 3. Approximately 10-15 minutes into the tour, the horse deviated from the group. Mrs. Vázquez was not able to keep hold of the reigns and the horse started to gallop, at which point she grabbed the horse's mane causing him to throw her to the ground. Id. Mrs. Vázquez fell on her left side with all her weight on her thigh.

Mr. Álvarez had stayed behind the group to keep pace with his wife and observed with anguish when she was thrown from the horse. Id. He called out for help and was the first to arrive by her side. The female tour guide passed by her and went after the horse that continued galloping towards the barn. She did not check to see if Mrs. Vázquez was injured. The next person to arrive was the male guide and, under his instruction, Mrs. Vázquez attempted to mount another horse to leave the area. Feeling excruciating pain, Mrs. Vázquez began to scream, yelling, "take me down." Mrs. Vázquez was then placed on the ground and subsequently carried by her husband and the male tour guide to join the rest of the group, which was approximately 100 yards away. Once with the group, Mrs. Vázquez was placed on the ground, with the remaining horses surrounding her. Id. at pp. 3 and 4.

The tour was eventually canceled. The group was taken back while the male guide stayed with Mrs. Vázquez and Mr. Álvarez. Their minor daughters left with a friend who was also in the tour. Both plaintiffs testified that there was no plan of evacuation in case of an injury or emergency,

thus the male guide made a second attempt to place Mrs. Vázquez on a horse to bring her up the hill. Id. at p. 4.

Mrs. Vázquez screamed in pain, began to get dizzy, and was placed back on the ground for approximately one hour. A four-track vehicle eventually arrived to take Mrs. Vázquez up the bumpy hill. Plaintiffs then got in their vehicle and went to Pavía Hospital in Santurce, P.R. According to them, no one from Hacienda Madrigal called for emergency services or provided any medical assistance or any other form of help. They were given a voucher "for the next time."

Plaintiffs arrived at the hospital at approximately 8:30 p.m.. Mrs. Vázquez was diagnosed with two fractures in her pelvis: one at the pubis and one at the ischium. Id. at p. 5. She was transferred to Centro Medico the following day, where it was confirmed that Mrs. Vázquez had two fractures on her pelvis that would not require surgery because they were not displaced. However, Mrs. Vázquez was informed that she would have to be immobilized for six months during which she could not work. Mrs. Vázquez was discharged in the afternoon of September 4, 2017. Id. at p. 6.

Mrs. Vázquez' pain continued. She scheduled an appointment with another orthopedist for September 13, 2019, who told her that she would have to start walking to allow the fractures to heal on their own or it would take longer for her to heal. She followed the advice but still had a lot of pain. Thus, she sought a third opinion and an orthopedist in California told her that although the fracture would heal, it would always be there and cause her a little pain, which she would have to live with. Id. at pp. 6 and 7.

At the hearing, Mrs. Vázquez testified to having suffered the following damages: bruise on her left thigh caused by the fall, inability to sleep (having to sleep sitting with four pillows because she did not have the strength to get up on her own), inability to perform basic functions such as

showering or using the bathroom without assistance from her husband, inability to conduct regular activities such as driving, household chores or taking care of her daughters. Both plaintiffs reported loss of consortium because of Mrs. Vázquez injuries. Mr. Álvarez also reported suffering mental anguish because of his wife's suffering, lack of sleep, anxiety, feelings of hopelessness and despair. His life was deeply impacted, and he had to make adjustments in his work schedule to care for his wife and daughters.

The Magistrate Judge concluded that plaintiffs' damages were established through the admission of the pleadings in the complaint and through plaintiffs' testimonies and exhibits admitted into evidence during the hearing, and recommended the following awards: (i) an award of $350,000.00 as compensatory damages for Mrs. Vázquez' past, present and future pain and suffering and emotional distress; and (ii) an award of $150,000.00 as compensatory damages for Mr. Álvarez' past, present and future suffering and emotional distress. The Magistrate Judge also noted that plaintiffs were entitled to costs, attorneys' fees, and prejudgment interest. Id. at p. 8.

The court has made an independent examination of the entire record in this case and determines that the Magistrate Judge's findings are well supported in the record and the law. For the same reason, it adopts the R&R in its entirety.

### D. CONCLUSION

For the reasons stated, the R&R is adopted *in toto*. Accordingly, plaintiffs are entitled to the following awards:

(i) an award of $350,000.00 as compensatory damages for Mrs. Vázquez' past, present and future pain and suffering and emotional distress; and

(ii) an award of $150,000.00 as compensatory damages for Mr. Álvarez' past, present and future suffering and emotional distress.

      (iii)    Costs, attorneys' fees, and prejudgment interest.

Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of September, 2019.

                                      s/Pedro A. Delgado-Hernández
                                      PEDRO A. DELGADO-HERNÁNDEZ
                                      United States District Judge